**THIS AGREEMENT IS A LEGAL DOCUMENT.  YOU SHOULD CONSULT WITH COUNSEL BEFORE SIGNING IT**

**SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release is entered into as of this 18th day of October, 2018, by and between Yost & Campbell of Rockland, Inc. ("the Company"), Kevin Monahan, Thomas Monahan, and Ceci Monahan, (collectively with the Company, "Defendants"), and Julissa Ismail ("Plaintiff").

WHEREAS, on July 23, 2018, Plaintiff commenced an action against Defendants in the United States District Court for the Southern District of New York, docket number 18-CV-06572 (CS) (the "Civil Action"), alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), including a claim of retaliation;

WHEREAS, on August 13, 2018, Defendants appeared through counsel;

WHEREAS, on August 14, 2018, the Court issued a Mediation Referral Order which required the parties to mediate this action through the Southern District Mediation program prior to a Rule 16(b) Case Management Conference;

WHEREAS, Defendants have not formally answered but have denied and continue to deny that they violated any of Plaintiff's rights, that they failed to properly pay Plaintiff and their other employees for time worked at the regular rate of pay or at the applicable overtime rate, that they retaliated in any manner against Plaintiff, and that they otherwise committed any wrongful act with respect to her or any other employee; and

WHEREAS, a mediation was conducted on October 2, 2018;

WHEREAS, the parties recognize the time consuming and costly nature of continued litigation and have agreed to settle the Civil Action without further proceedings on the terms provided for herein;

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth below, the parties hereto agree as follows:

1. The Civil Action is settled for the total gross sum (inclusive of attorneys' fees and costs) of Thirty Thousand Dollars ($30,000) (the "Settlement Amount") to be paid by Defendants as provided below in exchange for the dismissal of the Civil Action with prejudice and without costs and for the release, covenants and agreements of Plaintiff and her attorneys contained in this Settlement Agreement and Release.

2. (a) Payment of the Settlement Amount will be made by delivery as provided in subclause 2(b) below of the following checks (the "Settlement Checks"): (i) One check payable to Julissa Ismail in the amount of Nine Thousand Six Hundred and Forty Dollars and No Cents, (ii) a second check payable to Julissa Ismail in the amount of Nine Thousand Six Hundred and Forty Dollars and No Cents, and (iii) one check payable to El-Hag & Associates in the amount of Ten Thousand Seven Hundred and Twenty Dollars and No Cents.

(b) Defendants will deliver the Settlement Checks, or cause them to be delivered, to Jordan El-Hag, Esq. at El-Hag & Associates, PC, 777 Westchester Avenue, White Plains, NY 10604, within thirty (30) calendar days after this settlement has been approved by the Court and Plaintiff's counsel has delivered to Defendant's counsel a signed Stipulation of Dismissal with Prejudice of the Civil Action in the form annexed hereto as Exhibit A (the "Stipulation of Dismissal"). If the final date pursuant to which the Settlement Checks must be delivered falls on a Saturday, Sunday or legal holiday, Defendants may deliver the Settlement Checks, or cause them to be delivered, on the next business day. The Stipulation of Dismissal shall be held in escrow for five (5) business days after the Settlement Checks have been delivered, and then may be filed with the Court, unless otherwise agreed to by the parties. In the

event any other document is required to cause the dismissal of the Civil Action with prejudice, Plaintiff will, promptly upon request, execute it and deliver it to Defendants' counsel and/or cause Plaintiff's counsel to do so, as required. In the event the Defendants default on their obligation to pay the Settlement Amount, this Agreement shall become null and void, and Plaintiff may renew this Civil Action. The Court shall retain jurisdiction over the enforcement of this Settlement Agreement until the Settlement Amount is paid as required herein.

(c)     The amount set forth in subclause 2(a)(i) shall be considered wages and shall be subject to all applicable withholding. Plaintiff will receive a W-2 for the portion of the Settlement Amount covered by subclause 2(a)(i).

(d)     The amount set forth in subclause 2(a)(ii) shall be considered liquidated damages and shall be paid in a lump sum. Plaintiff will receive a 1099 for the portion of the Settlement Amount covered by subclause 2(a)(ii).

(e)     The amount set forth in subclause 2(a)(iii) shall be considered as attorneys' fees and costs. The parties therefore believe it is not subject to payroll or income tax withholding. Plaintiff's counsel will receive a Form 1099 for the portion of the Settlement Amount covered by subclause 2(a)(iii).

(f)     Defendants do not make, and have not made, any representations regarding the tax treatment, taxability and/or non-taxability of the Settlement Amount (or any portion thereof). Plaintiff acknowledges that she has been advised to seek independent advice from a tax professional of her choosing regarding the tax treatment, taxability and/or non-taxability of the Settlement Amount (or any portion thereof), and has not relied upon any representation of Defendants, Defendants' counsel, or her Counsel on that subject. Plaintiff and Plaintiff's counsel understand that, in the event that any municipal, state or federal income or

other tax, including interest and penalties thereon, is ultimately determined to be payable by Plaintiff and/or Plaintiff's counsel (as the case may be) on or from the Settlement Amount (or any portion thereof), any such obligations arising from or attributable to the Settlement Amount are the sole responsibility of the Plaintiff and/or Plaintiff's counsel, as applicable. Plaintiff hereby agrees to indemnify and holds harmless Defendants, and its officers, directors, employees and agents against any tax, interest, or penalties, or any fees, costs, attorneys' fees, or damages, arising from any demand, order, or claim by any taxing authority to pay any tax, interest, or penalty owed by plaintiff on or from the Settlement Amount (or any portion thereof). Notwithstanding the foregoing, Plaintiff shall not be liable for indemnification for any tax liabilities stemming from the Defendants' requirement to withhold and remit employee payroll taxes from the Settlement Check set forth in subclause 2(a)(i).

3. The parties acknowledge that this agreement shall be publicly filed, and that because it is publicly filed it is not confidential.

4. In consideration of the undertakings and obligations assumed by Defendants in this Settlement Agreement and Release, Plaintiff, on her own behalf and on behalf of her heirs, executors, administrators, other personal representatives and assigns, hereby covenants not to sue and fully, permanently and unconditionally releases Yost & Campbell Of Rockland, Inc., and its past and current principals, officers, directors, agents and employees, and Kevin Monahan, Thomas Monahan, and Ceci Monahan, and each of their heirs, executors, administrators, successors and assigns (collectively, the "Defendant Releasees"), jointly and individually, from any and all claims or causes of action relating to her employment with the Company or the termination of her employment. This release includes all claims for discrimination or harassment under applicable federal, state, or local law, any claims in tort or breach of contract or quasi-

contract, as well as all claims which were raised or which could have been raised against any or all of the Defendant Releasees in the Civil Action, including any claims for unpaid wages, unpaid overtime, and retaliation under the Fair Labor Standards Act, 29 U.S.C. §201, et seq., or those same claims as well as alleged statutory violations relating to notice and pay stub, under the New York State Labor Law §§ 191, 193, 196-d, 198-b, 650, et. seq., 652, and 663 and relevant sections of N.Y. Comp. Codes R. & Regs. Nothing in this Agreement shall operate to preclude Plaintiff from enforcing, or shall adversely affect her right or ability to enforce, this Settlement Agreement.

6. In consideration of the undertakings and obligations assumed by Plaintiff in this Settlement Agreement and Release, including the General Release of claims set forth in paragraph 6, above, the Company, on behalf of itself and its past and current principals, officers, directors, agents and employees, and, Kevin Monahan, Thomas Monahan, and Ceci Monahan, on their own behalf and on behalf of their heirs, executors, administrators, other personal representatives and assigns, hereby covenants not to sue and fully, permanently and unconditionally releases Plaintiff, and each of her heirs, executors, administrators, successors and assigns (collectively, the "Plaintiff Releasees"), jointly and individually, from any and all claims or causes of action relating to her employment with the Company or the termination of her employment. This release includes all claims in tort or breach of contract or quasi-contract, as well as all claims which were raised or which could have been raised against any or all of the Plaintiff Releasees in the Civil Action. Nothing in this Agreement shall operate to preclude Defendants from enforcing, or shall adversely affect their right or ability to enforce, this Settlement Agreement.

7. By signing this Settlement Agreement and Release, the parties acknowledge and agree that: (a) each has been afforded a reasonable and sufficient period of time to review, to deliberate and to negotiate the terms of this Settlement Agreement and Release; (b) that each has been specifically encouraged to consult with legal counsel of their choice before signing it and had a fair opportunity to do so and has in fact consulted counsel for such purpose; (c) each has carefully read and understands the terms of this Settlement Agreement and Release, all of which have been fully explained by their counsel; (d) each has signed this Settlement Agreement and Release freely and voluntarily and without duress or coercion and with full knowledge of its significance and consequences and of the rights relinquished, surrendered, released and discharged hereunder; (e) the consideration set forth in this Settlement Amount is sufficient for the promises, payments and covenants set forth herein; and (f) the only consideration for signing this Settlement Agreement and Release are the terms stated herein and no other promise, agreement or representation of any kind has been made to the parties by any person or entity whatsoever to cause him to sign this Settlement Agreement and Release.

8. Plaintiff acknowledges that the settlement embodied in this Settlement Agreement is a compromise of disputed claims and that neither the payments to be made to Plaintiff and Plaintiff's counsel pursuant to this Settlement Agreement and Release nor any of the terms of this Settlement Agreement and Release are to be construed as an admission of liability or wrongdoing on the part of Defendants or as confirmation of any of Plaintiff's claims. Plaintiff acknowledges that liability and wrongdoing have been, and continue to be, expressly denied by Defendants.

10. Other than the payments of the Settlement Amount to be made pursuant to this Settlement Agreement and Release, each party will bear his or its own costs and attorneys' fees in connection with the Civil Action and this Settlement Agreement and Release.

11. Plaintiff represents and warrants that she has not heretofore assigned or transferred, or purported to have assigned or transferred, to any person or entity, any Claim released by the release given by her in Paragraph 4 of this Agreement.

12. Should any provision of this Settlement Agreement and Release require interpretation or construction, the presumption providing that a document or agreement is to be interpreted or construed more strictly against the party that prepared the document or agreement shall not apply, it being agreed that all parties (by their respective counsel) have participated in the preparation of all the provisions of this Settlement Agreement and Release.

13. (a) This Settlement Agreement and Release constitutes the entire understanding and agreement between the Defendants, on the one hand, and Plaintiff, on the other, supersedes all previous understandings, discussions and agreements between the Defendants or Defendants' counsel, on the one hand, and Plaintiff or Plaintiff's Counsel, on the other, and may not be terminated, cancelled or modified, nor may any of its provisions be waived, except in a writing signed by the party to be bound.

(b) This Settlement Agreement and Release is binding on Plaintiff's executors, administrators, other personal representatives, heirs, and assigns and anyone claiming through or under him.

14. Any notices required or desired to be sent pursuant to this Settlement Agreement and Release shall be in writing and shall be sent by hand delivery, by Express Mail, or by next business day commercial delivery service (such as Federal Express) addressed as follows:

Notices sent to Plaintiff:

>Julissa Ismail
>Last known address on file at the Company

with a copy sent simultaneously by the same means to:

>Jordan El-Hag
>El-Hag & Associates, P.C.
>777 Westchester Avenue
>White Plains, NY 10604

Notices sent to Defendant:

>Yost & Campbell
>20 Brookdale Place
>Mt. Vernon, NY 10550
>Attention: Tom Monahan

with a copy sent simultaneously by the same means to:

>Albert W. Cornacchio, Esq.
>Law Offices of Albert W. Cornacchio, PC
>800 Westchester Avenue, W # S608
>Rye Brook, NY 10573

All notices will be deemed given when properly dispatched, except hand-delivered notices which will be deemed given when in fact delivered to the correct address.

15. This Settlement Agreement and Release may be executed in one or more counterparts, all of which shall become a binding agreement when one or more counterparts have been signed by each of the parties and delivered to each of the other parties. A signed counterpart of this Settlement Agreement and Release delivered by telecopier shall be deemed valid. A party delivering a signed copy by telecopier also shall deliver a copy with an original signature to the other party within three (3) business days after such telecopy signature is delivered.

16.   (a)   Except when federal law applies to a particular issue, this Settlement Agreement and Release, and the parties' rights, obligations and remedies with respect to it and its subject matter, will be governed and construed in all respects by the internal laws of the State of New York without giving effect to principles of conflicts of laws.

(b)   Any dispute arising out of or relating to this Settlement Agreement and Release may be resolved only by the courts of the State of New York or, if subject matter jurisdiction exists, by the United States federal courts, with venue in the County of Westchester (in the case of state court) or in the Southern District of New York (in the case of federal court). Each of the parties hereby consents to the jurisdiction of such courts over him or it in any action involving any such dispute. Each of the parties agrees not to commence or maintain a legal proceeding involving any such dispute in any forum except a court of the State of New York located in Westchester County or the United States District Court for the Southern District of New York (other than to enforce a judgment obtained in such courts) and agrees not to contest the venue of any action involving any such dispute in the County of Westchester or the Southern District of New York, as the case may be, nor to assert in any such court the doctrine of forum *non conveniens* or the like.

Yost & Campbell of Rockland County, Inc.

By: _____          _____
      (title and date)                                    Julissa Ismail
                                                              (date)

_____
Kevin Monahan

_____
(date)

_____
Thomas Monahan

_____
(date)

_____
Ceci Monahan

_____
(date)

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
JULISSA ISMAIL,

                Plaintiff,

  -against-

YOST & CAMPBELL OF ROCKLAND COUNTY,
INC., KEVIN MONAHAN, THOMAS MONAHAN,
AND CECI MONAHAN,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Docket No. 18-cv-06572

**STIPULATION OF DISMISSAL WITH PREJUDICE**

IT IS HEREBY STIPULATED AND AGREED, by and between the counsel for the parties hereto, that this action is hereby dismissed, with prejudice and without costs. Each party shall bear its own attorneys' fees.

Dated: White Plains, New York
       October ___, 2018

EL-HAG & ASSOCIATES, P.C.

By:_____
   Jordan El-Hag
   Attorneys for Plaintiff
   777 Westchester Avenue, Suite 101
   White Plains, NY 10604
   (914) 218-6190

Dated: New York, New York
       October ___, 2016

OFFIT KURMAN, P.A.

By:_____
   Christopher A. D'Angelo
   Attorneys for Defendants
   10 East 40th Street, 25th Floor
   New York, New York 10016
   (347) 589-8521

16. (a) Except when federal law applies to a particular issue, this Settlement Agreement and Release, and the parties' rights, obligations and remedies with respect to it and its subject matter, will be governed and construed in all respects by the internal laws of the State of New York without giving effect to principles of conflicts of laws.

(b) Any dispute arising out of or relating to this Settlement Agreement and Release may be resolved only by the courts of the State of New York or, if subject matter jurisdiction exists, by the United States federal courts, with venue in the County of Westchester (in the case of state court) or in the Southern District of New York (in the case of federal court). Each of the parties hereby consents to the jurisdiction of such courts over him or it in any action involving any such dispute. Each of the parties agrees not to commence or maintain a legal proceeding involving any such dispute in any forum except a court of the State of New York located in Westchester County or the United States District Court for the Southern District of New York (other than to enforce a judgment obtained in such courts) and agrees not to contest the venue of any action involving any such dispute in the County of Westchester or the Southern District of New York, as the case may be, nor to assert in any such court the doctrine of forum *non conveniens* or the like.

Yost & Campbell of Rockland County, Inc.

By: _____

Owner / VP   10/25/18
(title and date)

_____
Julissa Ismail

10/22/18
(date)

_____
Kevin Monahan

10/25/18
(date)

_____
Thomas Monahan

10/25/18
(date)

_____
Ceci Monahan

10/25/18
(date)